### In re KELLER.

(District Court, N. D. Iowa, C. D.　July 12, 1901.)

BANKRUPTCY—PREFERENTIAL PAYMENTS.

　　Where a creditor of a bankrupt has received a payment from the estate after the date when all the parties owning the same were insolvent, he must repay the amount, if he wishes to further share in the proceeds of the bankrupt estate.

Submitted on Exceptions to Ruling of Referee with Respect to Claim of E. K. Lee.

Wesley Martin, for creditor.

J. L. Kamrar, for trustee.

SHIRAS, District Judge. From the record in this case it appears that the assets forming the bankrupt estate coming into the possession of the trustee consist mainly, if not wholly, of the stock in trade and bills receivable which since June, 1900, have been the property of the firms of Keller, Stake & Lee, Keller & Stake, and of Almon D. Keller, the bankrupt. When the adjudication in bankruptcy was entered against Almon D. Keller, on December 24, 1900, he had, by purchase from his former partners, become the owner of the stock in trade formerly owned by them, and was liable for the indebtedness owing by the firms of which he had been a member. The indebtedness which E. K. Lee seeks to prove up against the estate of Almon D. Keller is for money borrowed by the firm of Keller & Stake prior to the time G. W. Lee became a member of the firm. On the 7th of September, 1900, E. K. Lee received payment in full of a note he then held against Keller & Stake, amounting to $527. At the time this payment was made the firms of Keller & Stake, Keller, Stake & Lee, and the individual partners therein, were all in fact insolvent. The referee held, under these circumstances, that E. K. Lee could not be allowed to prove his claim against the estate, which was evidenced by two notes, one for $2,000, dated November 27, 1899, and one for $1,500, dated December 29, 1899, and signed by Keller & Stake, J. P. Stake, and A. D. Keller, until he had repaid to the trustee the money paid him on September 7, 1900, it appearing that on that date all the parties interested in the transaction as debtors were in fact insolvent. The exceptions taken on behalf of the creditor, Lee, challenge the correctness of this ruling.

It will be remembered that the firms of Keller & Stake and Kel-

ler, Stake & Lee have not been put into bankruptcy, and no basis has been laid for marshaling firm assets in favor of firm creditors, and I can see no ground for viewing the case in any other light than as though all the debts sought to be proved existed only against the bankrupt Almon D. Keller, and all the assets are his individual property. There is nothing shown in the evidence which would justify the holding that the equities of E. K. Lee are superior in any particular to those of the other creditors, or which would justify the ruling that would give him a preference over the other claimants. He is now seeking to obtain his share of the estate of the common debtor, and, as it appears that he has received a payment of $527 from the estate after the date when all the parties owing the same were insolvent, he must repay this amount, if he wishes to further share in the proceeds of the bankrupt estate. The exceptions to the ruling of the referee are therefore overruled.